MUNICIPALITY OF PONCE, Petitioner *v.* PUERTO RICO PLANNING, URBANIZING, AND ZONING BOARD, Respondent.

No. 9. Argued November 24, 1947.—Decided November 24, 1947.

F. M. Susoni, Jr., and *Pablo Defendini* for petitioner. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano* for respondent.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On February 24, 1947, the Municipality of Ponce submitted to the Planning, Urbanizing, and Zoning Board a project for the segregation and lease of a portion of a parcel of land allegedly belonging to it to Ochoa Fertilizer Corporation for a fertilizer factory. For reasons not necessary to state here, on April 23, 1947 the Board disapproved the project and on July 30, 1947 overruled a motion for reconsideration, without prejudice to the right of the Municipality to press this case or to file a new case when the grounds set forth by the Board no longer exist.

The Municipality filed a petition for review in this Court. The Board moved to dismiss this petition on the ground of lack of jurisdiction and filed a memorandum in support of its motion. The Municipality has not filed any opposition to the motion or reply to the memorandum.

The petition for review was brought under § 26 of Act No. 213, Laws of 1942 (p. 1107), as amended by Act No. 429, Laws of 1946 (p. 1218). The last paragraph of § 26 provides as follows:

"Any party directly interested in the actions, resolutions, approvals, refusals and disapprovals of the Puerto Rico Planning, Urbanizing and Zoning Board regarding subdivision cases or plans, against which a petition for reconsideration has been requested of the Planning Board within the term of fifteen (15) days, and a resolution and decision has been entered thereon by the Planning Board, may present within the term of fifteen (15) days after the date of notification of such resolution or decision of the Puerto Rico Planning, Urbanizing, and Zoning Board for its review before

the Supreme Court of Puerto Rico; *Provided,* That said review before the Supreme Court, which has exclusive jurisdiction to review said actions or decisions, may be granted and shall be limited exclusively to questions of law."

The difficulty is that here we do not have a subdivision which comes within the definition of a subdivision found in § 2 of Act No. 213 or in § 10 which authorizes the Board to adopt regulations for subdivisions. On the contrary, this case falls under § 22 of Act No. 213, as amended by Act No. 475, Laws of 1947 (p. 1070), which reads in part as follows:

"The master plan shall be at the disposal of the Legislature, of each individual member thereof, and of all officials and official bodies of Puerto Rico, and of Federal officials and bodies, as well as of private persons, in the exercise of their respective powers, rights, and duties relating to matters covered thereby, and no improvement, acquisition, sale, or change in the uses of land or other property of The People of Puerto Rico, or any of its offices, bureaus, departments, commissions, dependencies, instrumentalities, governmental corporations or authorities, and municipalities, or of any public utility, publicly owned, shall be authorized, aided or undertaken in whole or part by any executive official or body of Puerto Rico unless the proposed location, character, and extent thereof shall not conflict with said master plan and shall have been submitted to and approved by the Board, or, if disapproved by the Board, shall have been submitted to and approved by the Executive Council or shall have been or be authorized in specific terms and for a definite location, by law. . . . Any decision of the Board under this section may be appealed within twenty (20) days to the Executive Council, which may amend, alter, or revoke said disapproval. . . ."

The project of the Municipality to segregate and lease land for a fertilizer factory obviously constitutes an improvement or change in the use of land belonging to a municipality. Review of the action of the Board therefore falls under § 22 rather than § 26. Although § 26 provides for review by this Court, § 22 does not. Under § 22 review is had by the Executive Council, not this Court, pursuant to Planning Regulation No. 2 of the Board.

The motion of the Board to dismiss the petition of review for lack of jurisdiction will be granted.